LION BREWERY OF NEW YORK CITY, Appellant, *v.* HENRY D. FRICKE, Respondent.

LION BREWERY OF NEW YORK CITY, Appellant, *v.* JULIUS GRUBE, Respondent.

First Department, March 2, 1923.

Chattel mortgages — action to recover balance due — mortgage executed by defendant's predecessor in 1917 on fixtures in saloon — defendant assumed mortgage by writing under seal — evidence of oral agreement by mortgagee not to hold defendant liable so long as he bought beer from mortgagee improperly admitted.

In an action to recover the balance due on a chattel mortgage which was executed by defendant's predecessor in 1917 on the fixtures in a saloon, and was assumed by the defendant by an agreement under seal, it was error to admit in evidence an alleged oral agreement between a representative of the mortgagee and the defendant to the effect that so long as the defendant bought beer from the mortgagee the mortgage would not be enforced, and that the defendant would not be held responsible in whole or in part for the amount due on the mortgage.

APPEAL by the plaintiff, Lion Brewery of New York City, in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the defendant, entered in each action in the office of the clerk of the county of New York on the 11th day of March, 1922, upon the verdict of a jury, and also from an order entered in each action in said clerk's office on the 27th day of March, 1922, denying plaintiff's motion for a new trial made upon the minutes.

*Fitch & Grant* [*John W. App* of counsel], for the appellant.

*William Brunner* of counsel [*Hugh M. Anderson* with him on the brief], for the respondents.

PAGE, J.:

These two actions were tried together. The facts are as follows:

On or about the 9th day of January, 1917, Jeremiah F. Sullivan purchased from Julius Grube the saloon at 1278 Lexington avenue. Sullivan borrowed $8,000 from the Lion Brewery and executed a chattel mortgage for that sum upon the chattels described in the schedule annexed thereto. Thereafter, as Sullivan did not make a success of the place and Grube was liable upon the lease, the property was transferred by Sullivan to Grube, who on the 15th day of October, 1917, by a written agreement under seal assumed the payment of the sum of $8,000, being the amount unpaid, and secured to be paid the aforesaid mortgage, and covenanted and agreed to pay said indebtedness in accordance with the terms and conditions of said mortgage. Grube thereafter, and on or about the 19th day of March, 1918, sold the premises to Henry D. Fricke, who also executed a written agreement under seal, assuming the mortgage under the same terms and conditions as contained in the Grube assumption above stated. After the Eighteenth Amendment to the Constitution of the United States became effective, Fricke closed the place of business.

These actions were brought to recover the balance remaining due upon the chattel mortgage, which amounted to $6,401.46, and as to this amount there is no controversy. The answer alleges as a defense:

"*Fifth.* That as part consideration therefor, it was agreed by and between the plaintiff, the defendant and the said Julius Grube that if the defendant would purchase the said business from the said Julius Grube and would thereafter purchase from the plaintiff all beer to be used and sold by the defendant in the conduct and operation of the said cafe during the defendant's ownership thereof, plaintiff would thereafter make no further claim against the said Julius Grube by reason of the said alleged chattel mortgage or the indebtedness therein referred to, and furthermore, that the plaintiff would not hold the defendant responsible in whole or in part upon the said chattel mortgage or the indebtedness therein referred to, but would withhold and retain the usual rebate on the purchase price of all beer purchased by the defendant from the plaintiff and accept such rebate in liquidation of the indebtedness mentioned and referred to in the said chattel mortgage."

There was no such term or condition embodied either in the mortgage or in the agreement of assumption. The defendants were allowed to prove certain oral statements alleged to have been made by a Mr. Hinck (who had died prior to the trial), the manager of the sales department of the plaintiff at the time that the assumption agreement was executed. Grube testified that Hinck said to

him: " Don't worry about that mortgage. There is a mortgage on every saloon, and we don't want to hold you for it so long as you take the beer." And again, that when he came to him to see about getting someone else to take the place, he said that Hinck said to him: " Then, if you find a man, go up with the man to us, and if the man takes the beer like you did, from us, then we don't want to hold you responsible for the mortgage." And again, when Hinck spoke about getting a new man for the place, Grube asked whether they would hold him responsible, and that Hinck said: " No, the mortgage is on the place. We don't want to hold you responsible." And furthermore, he heard Fricke say to Hinck after the papers had been signed: " Now, I want especially to understand that I am not responsible for the mortgage."

Fricke's testimony is not so definite and circumstantial as Grube's. He said that Hinck told him that the mortgage was a matter of form, and that Hinck told Grube, after Fricke had signed the assumption, that Grube was released.

The reception of this testimony was erroneous. In the first place the assumption agreements were in writing, and any conversation had at or about the time of the signing would be deemed to be merged in and covered by the contract, and these alleged oral agreements would not alone tend to vary or modify the terms of the contract, but would absolutely contradict it. So far as the testimony related to the subsequent release of Grube, it was not shown that Hinck had any authority on behalf of the corporation to release Grube from the debt. Furthermore, these are instruments under seal, and it is well settled that a contract or covenant under seal cannot be modified by a subsequent executory agreement. (*Mitchell* v. *Dunmore Realty Co.*, 156 App. Div. 117, 124, and cases there cited; affd., *sub nom. Mitchell* v. *Murray*, 213 N. Y. 669.)

The defendant's attorney made a motion to strike out this testimony, which was denied. The testimony should not have been received and should have been stricken out. Without this testimony, there was absolutely no defense presented to the plaintiff's cause of action.

The motion for a direction of a verdict in plaintiff's favor should have been granted, the judgments should be reversed, with costs, and judgment be directed against Julius Grube for the sum of $6,401.46, with interest thereon from the 15th day of October, 1917, and costs, and against Henry D. Fricke for $6,401.46, with interest thereon from the 19th day of March, 1918, and costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

In the first case: Judgment reversed, with costs, and judgment directed against defendant for the sum of $6,401.46, with interest thereon from the 19th day of March, 1918, and costs.

In the second case: Judgment reversed, with costs, and judgment directed against defendant for the sum of $6,401.46, with interest thereon from the 15th day of October, 1917, and costs.

Settle orders on notice.