SLADE'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

No. 267, Docket 21994.

United States Court of Appeals
Second Circuit.

Argued June 12, 1951.

Decided July 30, 1951.

estate of Francis Louis Slade (the "grantor") for estate tax purposes the value of a life estate granted his wife by a trust created in 1929. If the value of the life estate was properly included in the grantor's estate, a deficiency of $52,680.73 is due.

The basic facts are stipulated. The grantor in January 1929 created a formal, irrevocable, *inter vivos* trust under seal. The grantor and the trustee, a New York trust company, were residents of New York and the trust was made in New York. The trust provided that the income was to go to the grantor for life, then to his wife for life and upon her death the remainder was to go to various charitable institutions. During the grantor's life the trust could be terminated at the will of his wife or by resignation of the trustee in which cases the corpus reverted to the grantor. The trust contained no other provision relating to its amendment, alteration, termination or revocation but on the day the trust was created, the trustee, in an unsealed letter addressed to the grantor, stated that it would resign at the request of the grantor if the latter's wife predeceased him. The grantor died on October 4, 1944. His wife, who survived the grantor, never exercised her power to terminate the trust and the trustee never resigned. The grantor's executor did not include any portion of the trust in the estate tax return.

Webster, Sheffield & Horan, New York City, for petitioner; Frederick Sheffield, Henry Cassorte Smith and Frederick R. VanVechten, Jr., New York City, of counsel.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Harry Marselli, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and L. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a petition for review of a decision of the Tax Court, 15 T.C. 752, four judges dissenting, which included in the

Certain propositions of law are also conceded or are so clear as not to warrant further discussion: (1) The transfer of the life estate to the wife was a transfer which took effect in possession or enjoyment at the death of the grantor. Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, and would therefore be taxable under § 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c), as interpreted in Estate of Spiegel v. Commissioner, 335 U.S. 701, 69 S.Ct. 301, 93 L. Ed. 330. (2) The Technical Changes Act, 63 Stat. 894, was enacted to overrule the Spiegel case in certain particulars by amending § 811(c) so as to provide that if the trust was set up prior to October

7, 1949, it would not be taxable "unless the decedent has retained a reversionary interest in the property, arising by the express terms of the instrument of transfer and not by operation of law, and the value of such reversionary interest immediately before the death of the decedent exceeds 5 per centum of the value of such property." (3) The trust as originally written would not be taxable under the above provision because the chance that, prior to the grantor's death, the wife would terminate it or the trustee would resign also terminating it could not be valued and, under such circumstances, the reversionary interest is valued at zero. T.D. 5833; *Conference Committee Report No. 1412, 81st Cong., 1st Sess., 1949; 2 Cum.Bull. 295 (1949).* (4) If the trust is considered as modified by the above mentioned letter of the trustee that it would resign upon request if the wife predeceased the grantor thus terminating the trust and causing the corpus to revert to the grantor, then the trust would be taxable as the petitioner has not met the burden of showing that this reversionary interest did not exceed 5 per centum of the value of the trust.

The narrow question before us is then whether or not the trust is to be read for tax purposes as including within its terms the letter from the trustee. Petitioner argues that the words of the statute, "by the express terms of the instrument of transfer," prevent us from taking the letter into account even if it effectively modified the instrument whereas the Commissioner argues that such a narrow view of the statutory language would read into the statute far greater changes than the Technical Changes Act was designed to effect. But we need not decide whether or not an effective amendatory instrument need be construed with the instrument of transfer in determining whether the decedent has retained a reversionary interest "by the express terms of the instrument of transfer." It is clear to us that the letter if binding substantially modified the trust for it gave the grantor a right to revoke which he did not otherwise have. The Commissioner in effect concurs with this view by asserting that the letter has the substantial tax consequences which are the subject of this action.

However, the law of New York is clear that prior to 1936 an instrument under seal, § 342 of the Civil Practice Act, could not be modified by an unsealed instrument, *Cammack v. J. B. Slattery & Bro., Inc.*, 241 N.Y. 39, 148 N.E. 781; *Lion Brewery of New York City v. Fricke*, 204 App.Div. 470, 198 N.Y.S. 491. The law of New York applies to this transaction which occurred in New York between parties who were residents of New York. Section 811 of the Internal Revenue Code refers to a "reversionary interest." What constitutes such an interest must be determined in such a case by local law. *Helvering v. Stuart*, 317 U.S. 154, 161–162, 63 S.Ct. 140, 87 L.Ed. 154; *Johnston v. Helvering*, 2 Cir., 141 F.2d 208, 210, certiorari denied *Johnston v. C. I. R.*, 323 U.S. 715, 65 S.Ct. 41, 89 L.Ed. 575. As the letter by the trustee was entirely unenforceable against it under New York law, no reversionary interest was created and the Commissioner's contention that the trust is taxable as part of the grantor's estate must fail.

The above reasoning makes it unnecessary to discuss the other reasons advanced by petitioner for holding the letter inoperative. However, the Commissioner also argued before the Tax Court that this trust was taxable as a testamentary disposition made in contemplation of death within the meaning of § 811(c) (1) (A) of the Internal Revenue Code. As the Tax Court did not pass on this question, we are asked by the Commissioner to remand the case to it for further consideration since the Commissioner wishes to press his claim that the transfer was made in contemplation of death even though the grantor was only fifty-eight years old and in good health when he set up the trust and lived more than fifteen years after making the transfer. A clearer case for holding that the transfer was not made in contemplation of death can hardly be imagined and we see no basis for a contrary holding.

For the foregoing reasons the order of the Tax Court is reversed.