ESTATE OF JANE B. BARNARD, FRANCIS BARNARD O'CONNOR AND ROBERT BARNARD O'CONNOR, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6240. Promulgated October 23, 1945.

*Hugo Kohlmann, Esq.*, for the petitioners.
*James C. Maddox, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $7,077.63 in estate tax. The petitioners contend that the Commissioner erred by including in the gross estate $36,815.14 representing the value of property transferred by the decedent in trust on August 26, 1911. The Commissioner held that the transfer took effect in possession or enjoyment at the death of the decedent. The facts have been stipulated.

Jane B. Barnard, the decedent, died testate on July 29, 1942, leaving no husband or issue surviving. The estate tax return for her estate was filed with the collector of internal revenue of the first district of New York.

The decedent was a daughter of Anna Eliza Barnard, who died in 1911. Her husband, John G. Barnard, had predeceased her, as had her prior husband, James McHenry Boyd. Eliza was survived by her three children, John, Anna, and Jane, the decedent in the present case. Boyd left his property in trust to pay the net income to his widow for life and at her death to pay the principal to her heirs or to such persons as she might by will designate. Eliza, by her will, purported to exercise the power of appointment given her by Boyd. She provided how this property should be handled. Most of it she placed in trust with a bank in Baltimore and the income of the trust, after certain uses not here material, was to be paid to her three children during their lives. The share of a deceased child was to go to the surviving spouse and issue of the deceased child, but, if none, it was to be divided among the surviving children and their issue. The principal was to go, upon the death of the last surviving child or last surviving spouse of any child, to the descendants of Eliza's three children then living, but if there were no such descendants, then the property was to go to such persons as the last surviving child should appoint by will.

A question arose after the death of Eliza as to whether her exercise of the power of appointment given her by Boyd was valid. Her three children, and the spouses of the two who were married, created an irrevocable trust on August 26, 1911, without power to change. The deed recited that the validity of the exercise of the power by Eliza had been questioned, her three children as her only heirs at law would be entitled to the property if the appointment was invalid, and they desired to dispose of the property as their mother had attempted to do in her will. They named the same Baltimore bank as trustee and directed the bank to use the trust funds for the same purposes as named in their mother's will, to pay the income to the children, and to distribute the trust property on the same terms as were set forth in their mother's will.

The decedent survived her brother and her sister and their spouses. She was survived by four children of her sister and by eleven children of those children. The decedent in her will stated that any property as to which she might have any power of appointment she gave to her sister, Anna, absolutely, or if her sister did not survive her, to her issue surviving.

The petitioners contend that the transfer which the decedent made on August 26, 1911, was not intended to take effect in possession or enjoyment at or after her death within the meaning of section 811 (c) of the Internal Revenue Code. However, the present case is not distinguishable on this point from *Fidelity-Philadelphia Trust Co. (Stinson Estate)* v. *Rothensies*, 324 U. S. 108. There, as here, the transfer was made prior to the joint resolution of March 3, 1931, so that the retention of a life estate by the grantor is of no consequence. *Hassett* v. *Welch*, 303 U. S. 303. The decedent in the *Stinson* case provided that the income of the trust was to be paid after her death to her daughters and the principal was to go upon the death of the daughters to their issue, but if both daughters died without leaving surviving descendants, the corpus was to be paid to such persons as the settlor might appoint by will. The Court held that those transfers took effect in possession or enjoyment at or after death. Here the principal was to go, upon the death of the last surviving child or last surviving spouse of any child to the descendants of Eliza's three children then living, but if there were no such descendants, the property was to go to such persons as the last surviving child should appoint by will. The decedent was the last surviving child and was not survived by the spouse of any child. It must be held under authority of the *Stinson* case that this is a transfer to take effect in possession or enjoyment at or after death because the remainder interests in the descendants of Anna were contingent upon their surviving the decedent and took effect in possession only after her death.

The petitioners also argue that the transfer by the decedent was for an adequate and full consideration in money or money's worth. Their point is that Jane, by signing the deed of August 26, 1911, acquired the right to receive the income from all of the property in case she survived her brother and her sister, and this constituted adequate consideration for what she transferred. However, they also say that the exercise by Eliza of the power of appointment under the Boyd will was valid to the extent of the creation of the life estates in Eliza's three children. The stipulation does not show what state law is controlling in this situation, but, if Eliza's appointment was valid to the extent of the life estates, then the decedent acquired under that appointment the right to receive the income from the entire estate in case she survived her brother and sister, and she did not acquire it from those two persons by executing the deed of August 26, 1911.

The petitioners' remaining contention is that section 811 (c) does not apply at all in this case because the irrevocable transfer was made prior to the enactment of the first estate tax act. They correctly say this case is not distinguishable from *Mabel Shaw Birkbeck*, 47 B. T. A. 803. We there held, relying upon *Nichols* v. *Coolidge*, 274 U. S. 531, that, even though a transfer was intended to take effect in possession or enjoyment at or after death, nevertheless, if it was made in an irrevocable transfer prior to the enactment of the first estate tax act it could not be included in gross estate under section 811 (c). Recently, this Court held in *Estate of Harold I. Pratt*, 5 T. C. 881, that a transfer intended to take effect in possession or enjoyment at or after death irrevocably made in a trust created in 1903 was properly included in the gross estate under section 811 (c). We hold, following that decision, that the transfer here in question must likewise be included in the gross estate. We do not think that this case can be distinguished from the *Pratt* case merely because the trust instrument in the *Pratt* case provided that the principal was to be paid over to the decedent if living at the termination of the trust, and if not, to others, while in this case the principal was to be paid over to others at the death of the decedent provided they were living at that time, but otherwise was to go as the decedent might provide in her will. Any distinction in these facts was wiped away in the opinion of the Supreme Court in the *Stinson* case, in which the Court said that the remainder interests of the surviving descendants were freed from the contingency of divestment (through the contingent power of appointment) only at or after the decedent's death. We held in the *Pratt* case, after discussing the *Stinson* case, that the principle of *Nichols* v. *Coolidge* did not apply to prevent the application of

section 811 (c). If it did not apply there, it does not apply here either.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

ARUNDELL, *J.*, dissenting: For the reasons set forth in my dissent in *Estate of Harold I. Pratt*, 5 T. C. 881, I disagree with the conclusion here reached.

BLACK and LEECH, *JJ.*, agree with this dissent.