Estate of Nelson C. Denney, Deceased, Fidelity-Philadelphia Trust Company, Executor v. Commissioner.
Estate of Nelson C. Denney v. Commissioner
Docket No. 5690.
United States Tax Court
1945 Tax Ct. Memo LEXIS 12; 4 T.C.M. (CCH) 1099; T.C.M. (RIA) 45366; December 17, 1945
H. D. O'Connor, Esq., for the petitioner. Karl W. Windhorst, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in estate tax in the amount of $5,331.88. Of this amount the sum of $676.50 is here in controversy. The only issue presented in this proceeding is whether respondent erred in including in the gross estate of the decedent for estate tax purposes the value of property transferred in trust, less the value of an outstanding life estate. By the terms of the trust the donee received the income for life, the corpus to go to her descendants, if any; and if none, pursuant to her general power of appointment. The decedent's reversionary interest was contingent upon the donee *13 dying without issue and without exercising the general power of appointment. Findings of Fact The facts are stipulated, and we find them to be as stipulated. The petitioner, a corporation, is Executor of the Estate of Nelson C. Denney, deceased, with its principal place of business at 135 Broad Street, Philadelphia, Pa. As such it filed an estate tax return with the collector of internal revenue for the first district of New Jersey on December 15, 1942. The decedent died on September 15, 1941, and his estate was valued as of September 15, 1942, by election pursuant to section 811 (j) of the Internal Revenue Code. Decedent's father had died in 1909, leaving his estate in trust for his widow during her lifetime, and upon her death to decedent and his sister, or, if either died before the mother, leaving children, his or her share was to go to such children; and, if either died leaving no children, then his or her share was to go to the survivor of decedent and his sister. Decedent's mother died in 1928, and his sister had died in 1924, leaving no surviving child, but leaving one surviving grandchild, Mary Virginia Wright, who was born May 12, 1912. Under *14 the terms of his father's will, therefore, the entire estate, of the value of $25,442.80 was inherited by decedent in 1928. In an effort to carry out what he felt would have been his father's wish had he anticipated this situation, decedent created a trust, with the Camden Safe Deposit and Trust Co. as trustee, to which he transferred one-half of the residuary estate of his father. He directed the trustee to pay the income thereof to Mary Virginia Wright during her lifetime, and to transfer the corpus thereof, upon her death, to any children or descendants of Mary Virginia Wright then living, and, if no children or descendants were then living, "to such person, or persons, and upon such estate or estates, as the said Mary Virginia Wright shall by her last will and testament, duly admitted to probate, direct, limit and appoint, and in default of such appointment and in the event that the said Mary Virginia Wright shall leave no descendants to survive her, as aforesaid, then to assign, transfer and pay over the corpus or principal of the said trust estate to the Settlor, if then living, but if he is then deceased, to his children then living, and the descendants then living of any *15 of his children then deceased, per stirpes." The decedent died on September 15, 1941, leaving a widow and three children, all of whom were living on May 7, 1928. He left a will which was duly admitted to probate, and which contained a residuary clause in the following language: "All the rest, residue and remainder of my estate, real, personal and mixed, of which I may die seized and possessed, or which I may have in expectancy or remainder, or over which I may have power of disposition by Will, hereby expressly exercising any such power in me vested, I give, devise and bequeath to the Fidelity-Philadelphia Trust Company" in trust for the benefit of his wife, his children and a grandson. Mary Virginia Wright was unmarried at the time of the hearing, with no children, and resided in California. Respondent included in the gross estate of decedent the sum of $3,660.72, the value of the remainder interest of the decedent in the corpus of the trust, after excluding the value of the life estate of Mary Virginia Wright. Opinion KERN, Judge: The respondent has included in the decedent's estate on the authority of section 811(c) of the Internal Revenue Code, *16 the value of the property transferred by decedent to the trust described above, less the value of the outstanding life estate. It is the petitioner's contention that the trust was not intended to take effect in possession or enjoyment at or after the decedent's death, but was intended to and did, in fact, take final effect in possession and enjoyment immediately upon the transfer. Petitioner urges that, having irrevocably granted to the donee a general power of appointment, which was the equivalent of full ownership, decedent retained no interest whatever in the property, and his death in no way passed, enlarged or affected any estate or interest so transferred. The feature here upon which petitioner relies as distinguishing the instant case from cases such as Fidelity-Philadelphia Trust Co. (Stinson Estate) v. Rothensies, 324 U.S. 108, 65 S. Ct. 508, and Estate of William Walker, 4 T.C. 390, is the existence of the general power of appointment in the donee. The facts here are remarkably like those present in Lloyd v. Commissioner, 141 Fed. (2d) 758. There the gifts were made to the donor's two children for life, with a general power of *17 appointment by will, and in default thereof to their descendants. There was also a provision that the principal be paid to the settlor in the event of the failure of the sons either to exercise their power of appointment or to leave surviving issue. The Circuit Court of Appeals for the Third Circuit held that the value of the property was not includable in the donor's estate, and said: "In the instant case, where the transfers were immediate and complete for the benefit of others (the settlor reserved nothing) the powers of appointment which he gave the life beneficiaries were exercisable by them regardless of whether or not they survived the settlor." In Frances Biddle Trust, 3 T.C. 832 (dismissed and affirmed by the Third Circuit Court of Appeals on September 20, 1945) after carefully reviewing the authorities, we held, following the Lloyd case, that there was includable in the decedent's estate no part of property which she had conveyed irrevocably in trust, the income to be paid to her son for life and upon his death to his children until they reached certain designated ages, when they, or their issue, should receive the principal. The trust provided that if a child *18 died without reaching the designated age or without leaving issue, his brothers and sisters should receive his share; and, finally, that if all the children of the life beneficiary die, without leaving issue, the trust should terminate and the trust property should revert to the estate of the settlor. In Estate of Harris Fahnestock, 4 T.C. 1096, to which respondent has recently acquiesced, the decedent transferred property to five irrevocable trusts, the income of each to be paid to the primary beneficiary for life, the principal to go to his issue upon his death or in the absence of issue to his brothers and sisters or the issue of any who were dead. If none of such descendants of the settlor were living at the time of the life beneficiary's death, then the property reverted to the settlor or his estate. We held, following the Lloyd and Biddle cases, supra, that this was not a survivorship case, and the property was not includable in the settlor's estate. The instant case seems a stronger case for the taxpayer than the Biddle and Fahnestock cases. Neither of those cases involved any general power of appointment, as did the Lloyd case and the one presently before us. *19 The existence of such a general power of appointment in the donee, exercisable without regard to the life or death of the donor, sharply emphasizes the distinction between these facts and those in which the vesting of interests depends upon a survival of the donor by the donee, as in Helvering v. Hallock, 309 U.S. 106. Goldstone v. United States, [325 U.S. 687]65 Sup. Ct. 1323, is similarly distinguishable on its facts. [1]
Upon the authority of the Lloyd, Biddle and Fahnestock cases, supra, Dec&s&on w&ll be ente-ed unde- -ule 50. Footnotes
1. That the Goldstone case is distinguishable from the Lloyd case is expressly pointed out by the Supreme Court itself in its revised footnote No. 2 to its opinion.↩