ESTATE OF MARTHA W. COLLINS, DECEASED, SEWARD B. COLLINS AND BANK OF NEW YORK, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7100.  Promulgated December 19, 1945.

*Weston Vernon, Jr., Esq.*, for the petitioners.
*Charles P. Reilly, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge*: This case involves estate tax.  A deficiency was determined in the amount of $557,258.15, with the qualification that to the extent it exceeds $382,357.97 it may be eliminated by credit for state inheritance, legacy, succession, or estate taxes upon submission of proper evidence of payment.  The parties have stipulated that proof of such payment may be adduced later.  Therefore, the only question now presented to us is whether or not the value of the principal of a trust fund, in the amount of $889,650.84, shall be included in the decedent's gross estate.  The parties have stipulated that the tax attributable to such inclusion, for deduction before deduction of credit for such state inheritance, legacy, succession, or estate taxes and before deduction of any amount for expenses and counsel fees in the present proceeding, is $552,424.67; and they further have stipulated that proof may be adduced hereafter as to the amount of deduction for expenses and counsel fees.

With the exception of the matters of proof reserved, as above set forth, all facts have been stipulated in writing.  We adopt such stipulation by reference and find the facts therein set forth and will refer herein only to such salient facts as are necessary for discussion of the question presented.

So far as here material, the facts may be succinctly stated: In 1919 decedent created a trust.  It could be revoked, altered, or amended, but only during the lifetime of her husband, and he died in 1927, so that after that date the trust was irrevocable.  The trust instrument, as amended in 1922, provided in substance that the trust income should be paid to the decedent during her life (or until her remarriage—she never remarried), and that upon decedent's death the trust corpus

should be divided, one-half to her husband and one quarter to each of two sons, all to take the income for life, with principal thereafter to their issue; and that, if the husband should predecease the decedent, his one-half should go equally to the trust for the two sons; also that, if either son should predecease the grantor, leaving no issue surviving him, his part should go to the trust for the other son. One of the sons predeceased the decedent, leaving no issue surviving him, and she died on October 4, 1941, leaving surviving her the other son, Seward B. Collins. The trust instrument also provided that in case both sons and decedent's husband should predecease her, upon her death the entire trust principal should be paid over in accordance with her duly executed and probated last will and testament; also, that if only her husband survived her, he should have the trust income for his life, at his death the corpus to go as she should provide by will. Such will was duly probated. It contained a residuary clause, in effect leaving the residue of decedent's property and estate, of whatsoever kind and wheresoever situate of which decedent died seized or possessed or of which she was entitled to dispose at the time of her death, in trust to the survivor of her two sons; and in accordance therewith the principal of the trust has been held in trust for the benefit of Seward B. Collins, his children and issue.

An estate tax return was filed on January 1, 1943, within the time allowed by law, with the collector of internal revenue at Hartford, Connecticut. It contained election to have decedent's gross estate valued under section 811 (j) of the Internal Revenue Code as of a date subsequent to the decedent's death; and at such date, one year thereafter, October 4, 1942, the value of the principal of said trust was $889,650.84. After the mailing of the notice of deficiency and the filing of the petition herein, estate tax was on March 8, 1945, paid to the collector of internal revenue for the district of Connecticut (in which decedent died) in the amount of $382,357.97.

It is stipulated that the respondent does not contend that the properties transferred under the trust were transferred in contemplation of death; and, inasmuch as the transfer in trust was made prior to the joint resolution of March 3, 1931, the retention of the life interest by the decedent does not render the trust corpus taxable in her gross estate. *May* v. *Heiner*, 281 U. S. 238. The respondent does not contend otherwise. He contends only that the full value at the optional valuation date of the transferred property was subject at the date of decedent's death to her right to designate by will the persons who would possess or enjoy the property in the event Seward B. Collins predeceased her, and is includible in her gross estate under section 811 (c) of the Internal Revenue Code as a transfer intended to take effect of death. The petitioners contend that section 811 (c) does not

apply, but, in the alternative, that in any event no more than $72,522.64 should be included in gross estate. That amount, it is stipulated, is the valuation placed, in the only evidence adduced on the subject, on the right of the decedent at the date of her death to appoint the trust corpus (with adjustment for difference in value thereof as of one year after the date of her death).

Much has been said on this subject; we think we need not greatly increase the amount. In our opinion, this case is covered and governed by the decision of the Supreme Court of the United States in *Fidelity-Philadelphia Trust Co. (Stinson's Estate)* v. *Rothensies*, 324 U. S. 108, and we do not consider it necessary to discuss, though we have examined, other cases cited by both parties. The petitioners attempt to distinguish that case, but we are unable to discern any distinction, or to apply here other cases cited, including *Estate of Edward Lathrop Ballard*, 47 B. T. A. 784; affd., 138 Fed. (2d) 512, and *Helvering* v. *Tetzlaff*, 141 Fed. (2d) 8. In the *Stinson* case the decedent-trustor reserved income to herself for life and thereafter to her daughters for life, the corpus to go to the descendants of the daughters. In case of death of one daughter, the corpus as to her share was to be added to that of the other. If both daughters died, leaving no surviving descendants, corpus was to be paid as the trustor should appoint by will. The decedent died leaving two daughters. The Court held that the entire trust corpus (and not a lesser value after deduction of values of property interests or intervening estates) should be included in the gross estate of the decedent. The situation here is closely parallel with that in the *Stinson* case, for in this matter, in the event the settlor survived her husband and her two sons (or even if the husband, but not the sons, survived her), the entire principal of the trust fund should be paid over as appointed by her in her will. We see in this situation a parallel with that expressed in the following language by the Supreme Court in the *Stinson* case: "But if both daughters died without leaving surviving descendants, the corpus was to be paid to such persons as the settlor might appoint by will." In both cases there was a contingent power to appoint—as the Supreme Court says in the cited case, "Thus until the moment of her death or until an undetermined time thereafter the decedent held a string or contingent power of appointment over the total corpus of the trust." The Court adds immediately:

\* \* \* The retention of such a string, which might have resulted in altering completely the plan contemplated by the trust instrument for the transmission of decedent's property, subjected the value of the entire corpus to estate tax liability.

Further, the Court declines to measure the tax:

\* \* \* upon conjectures as to the propinquity or certainty of the decedent's reversionary interests. It is enough if he retains some contingent interest in the

property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries.   \*   \*   \*

Here, we find no remote possibility.   Had the decedent's other son died, instead of her husband, the trust provisions would clearly have permitted her to provide by will for the disposition of all trust corpus, except as to her husband's life income.

Under such authority we conclude and hold that the entire value of the trust corpus, at the optional valuation date, was properly included by the Commissioner in decedent's gross estate.

Effect will be given upon hearing under Rule 50 to stipulation or proof later adduced as to the amount of deductions because of credit for state inheritance, legacy, succession, or estate taxes and expenses and counsel fees, as stipulated by the parties.

*Decision will be entered under Rule 50.*