**GAMBLE et al. v. UNITED STATES.**

No. 23479–R.

District Court, N. D. California, S. D.

March 25, 1946.

Claude I. Parker, John B. Milliken, and Ralph Kohlmeier, all of Los Angeles, Cal., for plaintiffs.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., and Sewall Key, Andrew D. Sharpe, and James P. Garland, Sp. Assts. to Atty. Gen., for defendant.

ROCHE, District Judge.

Plaintiffs seek, by this action, to recover the sum of $195,342.63 which they paid, under protest, on December 8, 1942, as a deficiency Federal estate tax assessed by the Commissioner of Internal Revenue on the estate of Edwin P. Gamble, deceased. Plaintiffs had previously filed a return for said decedent's estate but had not included therein the assets of an irrevocable trust created by Mr. Gamble on February 28, 1927. The Commissioner deemed such assets includible for Federal estate tax purposes and assessed a deficiency accordingly. A claim for refund was filed on January 23, 1943, and was denied by the Commissioner on August 26, 1943, on the grounds that there was outstanding at the decedent's death a reversion or possibility of reverter of the corpus, and also that the decedent reserved the trust income during his lifetime. The further ground, that the transfer was made in contemplation of death, was advanced after this litigation began.

The applicable provision of the law is *Section 302(c) of the Revenue Act of 1926 under whose terms there must be included in the value of the decedent's gross estate any property interest of which he has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death. The Gamble trust must therefore be examined to see whether it involved a transfer falling in either of the above categories.

The record discloses that Mr. Gamble, who lived in Palo Alto, California, died on April 23, 1939. On February 28, 1927, some twelve years and two months prior to his death, he made an irrevocable transfer, in trust, to the Central Trust Company of Cincinnati, Ohio, as trustee, of certain shares of stock of Proctor & Gamble Company, an Ohio corporation. By its terms this declaration of trust provided that the net income

was to be paid to Mr. Gamble during his life and after his death the trust corpus, together with all accrued income therefrom, was to be distributed in equal shares to his four children, if living at the date of his death. If any of them should be deceased and should have no heirs of the body living, such child's share would go to Mr. Gamble's other children and the heirs of the body of any other deceased children. In the event any child should be deceased but with heirs of the body living, such child's share should go to the heirs of his or her body. It was further provided that if any beneficiaries were under the age of thirty at the date of the grantor's death, such beneficiary's share was to be held in trust until he had attained the age of twenty-seven, at which time he would receive one-half his share of the corpus, his remaining half to be distributed to him upon his reaching the age of thirty years. In the event any beneficiary should die before attaining the age of thirty, his or her undistributed share of the trust fund was to be distributed to his or her brothers and sisters, if surviving; if not, such undistributed share was to be distributed to the surviving grandchildren of the grantor; and if no grandchildren of the grantor was surviving, then the deceased beneficiary's share was to be distributed to his or her heirs at law.

The trust instrument further provided that "the Grantor expressly surrenders all right and power to amend, modify or revoke this indenture of trust, in whole or in part, and it is specifically agreed that no part of the corpus of this trust shall be or remain in the grantor and this indenture of trust shall be and remain irrevocable."

Had this trust been created within two years prior to the grantor's death the transfer would have been, by legal presumption, one made in contemplation of death. Unless such presumption is applicable it must be shown by clear and conclusive evidence that the transfer was induced by the thought of death. No such showing has been made here. It is true that at the time of the transfer Mr. Gamble was 74 years old but age alone is not indicative. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446,

---

* "Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
* * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, * * *." 26 U.S.C.A. Int.Rev. Acts, page 227.

116

75 L.Ed. 867. He retained his mental and physical health and remained in active control of his affairs until shortly before his death at the age of 86, twelve years after creation of this trust. The evidence further shows that he created this trust with a definite purpose in mind, to avoid the California state tax on intangible personal property. That such a motive is one connected with life and not with death has been consistently held by the courts. Procter v. Hassett, D.C., 52 F.Supp. 12, Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35.

There thus remains the question of whether the transfer was one intended to take effect at death, within the meaning of the statute. If the trust had been created after March 3, 1931, there would be no question since Section 302(c) of the Revenue Act of 1926, as amended by Congressional Resolution, would be controlling. By this amendment a transfer under which the transferor retained for his life the income from the property was made taxable as a transfer intended to take effect at death. This amendment, however, has been held not applicable to transfers made prior to March 3, 1931. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. The fact, therefore, that Mr. Gamble retained for his lifetime the income from the trust does not bring the transfer within the statute.

Nor has the court been able to find in the trust instrument any attempt by the grantor to keep an interest in the property. Indeed, he divested himself of all interest as completely as it would seem possible for a man to do. There is no string, no tie by which he could draw back to himself the trust corpus in case any of the trust provisions failed. The cases relied upon by the defendant are distinguishable on this point. In Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, 510, 159 A.L.R. 227, the grantor retained a power of appointment over the total corpus of the trust and, in the language of the Supreme Court, "The retention of such a string, which might have resulted in altering completely the plan contemplated by the trust instrument for the transmission of decedent's property, subjected the value of the entire corpus to estate tax liability." In Commissioner v. Estate of Field, 324 U.S. 113, 65 S.Ct. 511, 159 A.L.R. 230, the trust was measured by the lives of two nieces and contained a provision that upon termination prior to the death of the trustor, the corpus was to be paid over to the trustor. The court's attention has been directed to no case involving trust provisions analogous to those here involved where the transfer has been declared taxable.

In accordance with the foregoing, therefore, it is by the court ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the plaintiffs and against the defendant in the sum of $195,342.63, together with interest thereon as provided by law from the date of payment thereof, and that plaintiffs have judgment for their costs herein.