Estate of Julius B. Weil, Pauline P. Weil, Eugene J. Stern and M. E. Kilpatrick, Executors v. Commissioner.
Estate of Julius B. Weil v. Commissioner
Docket No. 4052.
United States Tax Court
1946 Tax Ct. Memo LEXIS 162; 5 T.C.M. (CCH) 564; June 17, 1946
M. E. Kilpatrick, Esq., for the petitioners. E. L. Potter, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Respondent has determined a deficiency in estate tax in the amount of $195,388.28. Certain adjustments are not contested. Other adjustments have been resolved by stipulation. The sole issue remaining for decision relates to the inclusion in the gross estate of the proceeds of two life insurance policies upon the life of decedent which policies decedent, prior to his death, had assigned to his wife. The executors filed the estate tax return with the collector for the district of Tennessee. Findings of Fact Most of the facts have been stipulated. For present purposes the facts may be summarized *163 as follows: Decedent, Julius B. Weil, died testate on April 14, 1941, a resident of Tennessee. Petitioners are the duly qualified executors under the will of decedent. On December 17, 1934, decedent took out on his own life two single premium policies of life insurance with the New York Life Insurance Company in the face amount of $25,000 each. Decedent paid to the New York Life Insurance Company the single premium of $18,535 on each of the policies. The two policies were identical in every respect. Each policy provided that: Assignment. - Any assignment of this Policy must be made in duplicate and one copy filed with the Company at its Home Office. The Company assumes no responsibility for the validity of any assignment. Change of Beneficiary. - The Insured may from time to time change the beneficiary, unless otherwise provided by indorsement on this Policy or unless there is existing assignment of this Policy. * * * In the event of the death of any beneficiary before the Insured the interest of such beneficiary shall vest in the Insured, unless otherwise provided herein. * * *
Rights of Insured. - The Insured, during his lifetime, and without the consent of the beneficiary, *164 may receive every benefit, exercise every right and enjoy every privilege conferred upon the Insured by this Policy, unless otherwise provided by indorsement hereon. Decedent reserved the right to change the beneficiary under the policies. On December 29, 1934, in accordance with the optional methods of settlement allowed in the policies, decedent executed a settlement agreement specifying in what manner and to whom the proceeds of the policies were to be distributed at his death. The settlement agreement provided that at the death of decedent the proceeds were to be held by the insurance company and that the interest income from the proceeds so held was to be paid to decedent's wife during her lifetime and at her death to decedent's daughter. At the death of both the wife and the daughter, the proceeds were to be paid in one sum to the children of the daughter then living and in the absence of any such living children to the then surviving brothers and sisters or children of deceased brothers and sisters of both decedent and his wife. The settlement agreement provided further that in the event no children of the daughter nor any brothers or sisters or children of deceased brothers *165 and sisters of both decedent and his wife were living at the death of the survivor of the wife, daughter and decedent, the proceeds were to be paid in one sum (a) to the executors or administrators of the wife if the wife had survived both decedent and the daughter; (b) to the executors or administrators of the daughter if the daughter had survived both decedent and the wife; or (c) to the executors, administrator, or assigns of decedent if decedent had survived both the wife and the daughter. On December 31, 1934, decedent, in consideration of natural love and affection, assigned both the policies to his wife. After the death of decedent, the executors paid to the collector the gift tax on these assignments. Decedent's daughter married some time prior to July 5, 1940. Decedent was survived by his wife, his daughter, a sister and brother, two sisters of his wife, and five children of deceased brothers and sisters of decedent and his wife. Excluded from decedent's gross estate for estate tax purposes were the proceeds of other policies of insurance in the amount of $40,000 which decedent had taken out on his own life and which were receivable by beneficiaries other than his *166 estate. Opinion The issue in this case is whether the proceeds of two life insurance policies which decedent had taken out on his own life and thereafter had assigned to his wife were includible under section 811 (c) or 811 (g) in the gross estate for estate tax purposes. The two policies were identical in every respect. They were single premium life insurance policies in the face amount of $25,000 each. Decedent paid the single premium of $18,535 on each of the policies. Within two weeks after decedent took out the policies he assigned them to his wife. The assignments were in effect at the time of decedent's death. There is no suggestion in the record that decedent made the assignments of the policies to his wife in contemplation of death. The only ground for including the proceeds in the gross estate is that decedent retained a possibility of reverter in the policies, since the proceeds would have reverted to the estate of decedent in the event (1) decedent survived both his wife and daughter, and (2) no children of the daughter nor brothers and sisters or children of deceased brothers and sisters of decedent and his wife were living at decedent's death. However, the wife *167 as assignee had the right to change the beneficiary under the policies. She also had the right to surrender the policies at any time to the company and thus to receive the cash surrender value during decedent's lifetime. It is clear, therefore, that the proceeds of the two policies were not includible under section 811 (c) in decedent's gross estate. For the wife at any time during decedent's lifetime not only could have cut off decedent's possibility of reverter by exercising her power to change the beneficiaries, but also could have obtained possession and enjoyment of the proceeds of the insurance policies through the exercise of her power to surrender the policies and take the cash surrender value. The interests of the beneficiaries under the policies were thus not dependent upon the death of decedent. Under such circumstances, the case is ruled by Estate of Harold I. Pratt, 5 T.C. 881; Estate of Harris Fahnestock, 4 T.C. 1096; Frances Biddle Trust, 3 T.C. 832, rather than by Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108. [1]
*168 Since it is not disputed that under section 811 (g) decedent retained no legal incidents of ownership in the two life insurance policies here involved other than the asserted possibility of reverter, we hold that the proceeds of the policies were not includible in decedent's gross estate for estate tax purposes. Decedent will be entered under Rule 50. Footnotes
1. On May 1, 1946, subsequent to the hearing in this case, the regulations relating to the estate tax were amended by T.D. 5512. Under the regulations as amended, the proceeds of the insurance policies here involved would not be included in the gross estate. Thus, Reg. 105, Sec. 81.17, as amended, provides: Transfers intended to take effect at or after the decedent's death. - A transfer of an interest in property by the decedent during his life (other than a bona fide sale for an adequate and full consideration in money or money's worth) is "intended to take effect in possession or enjoyment at or after his death," and hence the value of such property interest is includible in his gross estate, if: (a) possession or enjoyment of the transferred interest can be obtained only by beneficiaries who must survive the decedent, and (b) the decedent or his estate possesses any right or interest in the property (whether arising by the express terms of the instrument of transfer or otherwise). * * *
Example (8). The decedent, during his life, transferred property in trust providing for payment of the income to his daughter during the life of the survivor of himself and his wife, and the remainder to his daughter or her issue. The wife was given the unrestricted power to alter, amend or revoke the trust. At the decedent's death, his wife is still living. Here, although it appears immediately prior to the decedent's death that the property may revert by operation of law to the decedent's estate in the event that the daughter and her issue should predecease the decedent and his wife, the first requirement is not satisfied, since the wife can obtain possession or enjoyment of the property during the decedent's lifetime through the exercise of her power to alter, amend or revoke. No part of the property is, therefore, includible in the decedent's gross estate. * * *↩