## WELLS FARGO BANK & UNION TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 10662.

Circuit Court of Appeals, Ninth Circuit.

Oct. 11, 1944.

F. M. McAuliffe, L. C. Baker, and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, Joseph S. Platt, and Melva Grancy, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioner, as executor of the estate of Ben F. Sternheim, deceased, seeks the redetermination of a deficiency in federal estate taxes held payable by the Tax Court.

Decedent created a revocable inter vivos trust, knows as the Ben F. Sternheim trust, of which Wells Fargo Bank was named trustee. The income from the trust property was to be paid to his sister, Blanche Sternheim, from the date of decedent's death until the sister's death at which time the corpus was to be distributed to certain charitable institutions. For the duration of the life estate the trustee was authorized to use the principal, up to ten per cent of its value each year, in the event of sickness, accident, want, or other emergency to the life beneficiary.

When her brother died in 1940, Blanche Sternheim was receiving $7000 a year as life beneficiary of a trust which she herself had previously established and as to which Ben F. Sternheim was trustee. At the time of Ben F. Sternheim's death (1940) Blanche Sternheim was sixty years old, in good health, and thrifty in habit; her living expenses amounted to $250 or $300 a month, and she saved to her own account about an equal sum each month.

After the death of Ben F. Sternheim the Ben F. Sternheim trust was invaded for the benefit of the income beneficiary. Several payments were made from the Ben F. Sternheim trust to relieve a temporary cessation of income to Blanche Sternheim from her own trust caused by the commingling of assets belonging to Ben F. Sternheim's estate and to Blanche Sternheim's trust. Upon partition of the properties, repayment to the Ben F. Sternheim trust was made in full. On another occasion income distributions from both trusts were suspended pending the settlement of a tax controversy. Again Blanche Sternheim received payments from the corpus of the Ben F. Sternheim trust over a period of several months. In final settlement of the matter, $8,999.16 was paid to the collector of internal revenue out of the Ben F. Sternheim trust.

The Tax Court intimated in its written opinion that, but for the evidence of these payments out of the Ben F. Sternheim trust corpus, it would have found resort to the corpus for payment to Blanche Sternheim so unlikely that the full sum of the trust corpus would be allowable as a charitable deduction for tax purposes. But with this evidence before it the court found that the corpus was liable to be invaded to the extent of the 10% permissible under the trust terms and entered its decision accordingly.

██ The Tax Court was wrong when it permitted evidence of such actual invasion of the trust corpus to influence its decision. In Ithaca Trust Co. v. United States, 1929, 279 U.S. 151, 155, 49 S.Ct. 291, 73 L.Ed. 647, the court says: "The estate so far as may be is settled as of the date of the testator's death. [Citing cases.] The tax is on the act of the testator not on the receipt of property by the legatees. [Citing cases.] Therefore the value of the thing to be taxed must be estimated as of the time when the act is done." Similarly, the court commented in United States v. Provident Trust Co., 1934, 291 U.S. 272, 281, 54 S.Ct. 389, 390, 78 L.Ed. 793, that in making a deduction for a charitable remainder "the value thereof must be determined from data available at the time of the death of decedent." See our opinion in Commissioner of Internal Revenue v. Wells Fargo Bank & Union Trust Co., 9 Cir., 145 F. 2d 130.

Reversed and remanded.