FIDELITY-PHILADELPHIA TRUST CO. ET AL., EXECUTORS, v. ROTHENSIES, COLLECTOR OF INTERNAL REVENUE.

No. 263.   Argued January 4, 5, 1945.—Decided February 5, 1945.

*Mr. C. Russell Phillips* for petitioners.

*Mr. L. W. Post,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Messrs. Sewall Key* and *J. Louis Monarch* were on the brief, for respondent.

Mr. Justice Murphy delivered the opinion of the Court.

Our attention here is directed toward the proper valuation for federal estate tax purposes of the corpus of an *inter vivos* trust where the transfer was intended to take effect in possession or enjoyment at or after death and where the settlor retained a life estate in the trust income and a reversionary interest in the corpus.

On March 26, 1928, the decedent, Anna C. Stinson of Bryn Mawr, Pa., transferred certain property in trust, the value of which at the time of her death was $84,443.49. The income of the trust was to be paid to the settlor during her life and at her death to her daughters (aged 12 and 10 at the time of the creation of the trust) during their respective lives. At the death of each daughter, the corpus supporting her share of the income was to be paid to her descendants. If either daughter died without leaving surviving descendants, the corpus of her share was to be added to the share of the other daughter or of the surviving descendants of the other daughter. But if both daughters died without leaving surviving descendants, the corpus was to be paid to such persons as the settlor might appoint by will. In default of such appointment, the corpus was to go to certain named charities.

The decedent exercised the power of appointment in a will made in 1930. She died in 1934 at the age of 51, leaving two unmarried daughters. The latter have subsequently married and both have children.

The Commissioner determined that this arrangement was a transfer in trust intended to take effect in possession or enjoyment at or after death within the meaning of § 302 (c) of the Revenue Act of 1926, 44 Stat. 9, 70, and that the net value of all the property comprising the corpus of the trust should be included in the decedent's gross estate for estate tax purposes. The executors, however, denied that the transfer fell within the meaning of

§ 302 (c); they further claimed that even if § 302 (c) did apply the value of the life estates of the settlor's daughters and the value of the remainders to their surviving descendants should be deducted from the value of the trust assets for tax purposes.

The executors paid a tax on the full value of the trust assets and filed this claim for refund of the tax. The District Court denied recovery and the court below affirmed. 142 F. 2d 838. Conflict with *Field's Estate* v. *Commissioner*, 144 F. 2d 62, led us to grant certiorari limited to the question of whether the entire value of the corpus of the trust at the time of decedent's death should have been included in the decedent's gross estate.

The courts below, utilizing the principles set forth in *Klein* v. *United States*, 283 U. S. 231, and *Helvering* v. *Hallock*, 309 U. S. 106, correctly held that the decedent's transfer in trust in 1928 was one intended to take effect in possession or enjoyment at or after death within the meaning of § 302 (c) of the Revenue Act of 1926, prior to the amendments of 1931 and 1932. While the matter of valuation was not argued and was not directly in issue in those cases, the inescapable consequence of the principles enunciated there and in the dissenting opinion in *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, 46, is to include the entire trust corpus in the gross estate of the decedent under these circumstances.

Section 302 (c) itself provides for the inclusion within the gross estate of property "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death." As we said in *Helvering* v. *Hallock, supra,* 110, 111, this provision "deals with property not technically passing at death but with interests theretofore created. The taxable event is a transfer *inter vivos*. But

the measure of the tax is the value of the transferred property at the time when death brings it into enjoyment." Cf. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, 347. The taxable gross estate, in other words, must include those property interests the ultimate possession or enjoyment of which is held in suspense until the moment of the grantor's death or thereafter.

Tested by that standard, the entire corpus of the trust should have been included in the decedent's gross estate and an estate tax levied on its net value at the date of decedent's death. The ultimate disposition of all the trust property was suspended during the life of the decedent. Only at or after her death was it certain whether the property would be distributed under the power of appointment or as provided in the trust instrument. The life estates of the daughters were contingent upon their surviving their mother and took effect in enjoyment only at the death of the latter. The remainder interests of the descendants of the daughters were contingent upon their surviving both the decedent and the daughters and took effect in possession only after the death of the decedent. Thus until the moment of her death or until an undetermined time thereafter the decedent held a string or contingent power of appointment over the total corpus of the trust. The retention of such a string, which might have resulted in altering completely the plan contemplated by the trust instrument for the transmission of decedent's property, subjected the value of the entire corpus to estate tax liability.

It is fruitless to speculate on the probabilities of the property being distributed under the contingent power of appointment. Indeed, such speculation is irrelevant to the measurement of estate tax liability. The application of this tax does not depend upon "elusive and subtle casuistries." *Helvering* v. *Hallock, supra,* 118. No more

should the measure of the tax depend upon conjectures as to the propinquity or certainty of the decedent's reversionary interests. It is enough if he retains some contingent interest in the property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries. The value of the property subject to the contingency, rather than the actuarial or theoretical value of the possibility of the occurrence of the contingency, is the measure of the tax. That value is demonstrated by the consequences that would flow in this instance from the decedent's survival of her daughters and any of the latter's surviving descendants.

We are not concerned here with determining whether the values of any property interests or intervening estates not affected by the decedent's death and not subject to the contingent power of appointment should be deducted from the value of the corpus. The value of the life estate retained by the decedent obviously cannot be deducted. And the life estates of the daughters and the remainder interests of their surviving descendants were all subject to divestment by the contingent power of appointment and were freed from this contingency only at or after the decedent's death. There is thus no basis for deducting their values as suggested by petitioners.

*Affirmed.*

MR. JUSTICE DOUGLAS, concurring.

The District Court found that this trust was "intended to take effect in possession or enjoyment at or after" the death of the decedent. The Circuit Court of Appeals agreed. Certiorari was not granted on that question but only on the question whether the entire value of the corpus of the trust at the time of decedent's death should be included in her gross estate. So in this case, as in *Commissioner* v. *Estate of Field, post,* p. 113, we are

not faced with the question whether *May* v. *Heiner*, 281 U. S. 238, should survive *Helvering* v. *Hallock*, 309 U. S. 106. On the findings of the District Court, it is plain that the entire corpus must be included in decedent's gross estate by virtue of § 302 (c) of the 1926 Act unless the value of the life estate must be deducted. The value of the life estate deducted in the *Hallock* case was the life estate in the settlor's wife. It was excluded because it took effect in possession or enjoyment when the trust was created. The life estate which the decedent reserved to herself is obviously in a different category. It is not an "outstanding life estate" within the meaning of Treasury Regulations 80, Art. 17.

I would rest the decision there and reserve judgment on the other questions adverted to in the opinion of the Court.