## COMMISSIONER OF INTERNAL REVENUE *v.* ESTATE OF FIELD.

No. 578. Argued January 5, 1945.—Decided February 5, 1945.

114

*Mr. L. W. Post,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Messrs. Sewall Key* and *J. Louis Monarch* were on the brief, for petitioner.

*Mr. Edgar J. Bernheimer,* with whom *Mr. Harry T. Zucker* was on the brief, for respondent.

*Mr. Charles Angulo,* as *amicus curiae,* filed a brief on behalf of the estate of John C. Duncan.

MR. JUSTICE MURPHY delivered the opinion of the Court.

This is a companion case to *Fidelity-Philadelphia Trust Co.* v. *Rothensies, ante,* p. 108. It too presents a question as to the proper valuation of the corpus of an *inter vivos* trust under § 302 (c) of the Revenue Act of 1926, 44 Stat. 9, 70.

On June 8, 1922, the decedent transferred to a trustee certain assets valued at the date of his death at the sum of $157,452.82. The material portions of the trust provided:

1. The trust was to continue for the joint lives of two nieces and the life of the survivor of them unless terminated earlier under 4, *infra.*

2. The income was to be paid to the decedent for his life unless the trust terminated before his death.

3. If the decedent died prior to the termination of the trust leaving issue, the trust property was to be held in trust for the children or their issue, subject to decedent's right to reduce or cancel the amounts of the gifts by will or written instrument. Provisions were also made for a

$150,000 trust for the widow which is not in issue in this case.

4. During the continuance of the trusts the income was to be paid to the beneficiary named and upon the death of the beneficiary during the continuance of the trust the corpus was to be paid to the beneficiary's issue surviving, but if there be none, to the issue of the decedent surviving; if none, then to decedent's brother or sister or their issue.

5. Upon termination of the trust before the death of the decedent the corpus was to be paid over to decedent.

6. Upon termination of the trust after the death of the decedent but during the existence of any trust the corpus was to be paid to the life beneficiary.

The decedent at no time had any issue. At his death in 1937 at the age of 52, he was survived by the two nieces whose lives were to measure the maximum life of the trust. These nieces were then aged 18 and 25 respectively. He was also survived by his widow, a sister and issue of a deceased brother.

The Tax Court held that the entire amount of $157,-452.82 was includable in the gross estate for purposes of the estate tax. 2 T. C. 21. But the court below reversed and remanded the case to the Tax Court with directions to include in the gross estate only $24,930.76—the value at the time of decedent's death of a remainder in the sum of $157,452.82 payable at all events upon the death of the survivor of two females, aged 18 and 25 respectively. 144 F. 2d 62.

The error of the court below is self-evident from our discussion in the *Fidelity-Philadelphia Trust Co.* case. The trust here was limited in duration to the lives of the decedent's two nieces. But if both nieces died before the decedent, the corpus would have been paid to the decedent rather than to the beneficiaries named in the trust instrument (in this instance the decedent's sister and the

issue of his deceased brother). Thus until decedent's death it was uncertain whether any of the corpus would pass to the beneficiaries or whether it would revert to the decedent. Decedent retaining a string attached to all the property until death severed it, the entire corpus was swept into the gross estate and was taxable accordingly.

There is no basis evident for deducting the value of the corpus for the period of the life expectancies of the two measuring lives, as was done by the court below. The estate tax is not based on the value of the reversionary interest of the decedent at the time of his death but on the value at the time of his death of the property to which that reversionary interest relates. It makes no difference how vested may be the remainder interests in the corpus or how remote or uncertain may be the decedent's reversionary interest. If the corpus does not shed the possibility of reversion until at or after the decedent's death, the value of the entire corpus on the date of death is taxable.

*Reversed.*

MR. JUSTICE DOUGLAS, concurring.

If the trust gave a life estate to the decedent and the remainder to his children, § 302 (c) of the 1926 Act would not require the payment of a tax under the rule of *May v. Heiner,* 281 U. S. 238; *Burnet v. Northern Trust Co.,* 283 U. S. 782; *McCormick v. Burnet,* 283 U. S. 784; and *Hassett v. Welch,* 303 U. S. 303. The theory of *May v. Heiner* was that under those circumstances no interest in the property passed from the grantor to the remainderman on the grantor's death, since the title of the remainderman had been definitely fixed by the trust deed. We need not determine whether the rule of *May v. Heiner* should survive *Helvering v. Hallock,* 309 U. S. 106. See Paul, Federal Estate & Gift Taxation (1942) § 7.15. For

in this case the grantor retained the right to reduce or cancel by will or written instrument the interests of the children; and the corpus would have been returned to the grantor if he survived his nieces. Hence it seems plain that the gifts over would take effect in possession or enjoyment only at or after the death of the grantor.