Estate of J. Elmer Frantz, R. H. Frantz, Executor v. Commissioner.
Estate of J. Elmer Frantz v. Commissioner
Docket No. 5058.
United States Tax Court
1945 Tax Ct. Memo LEXIS 172; 4 T.C.M. (CCH) 574; T.C.M. (RIA) 45198; June 6, 1945
Frank J. Albus, Esq., for the petitioner. Paul E. Waring, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in estate tax in the amount of $9,206.79. Most of the adjustments made by the respondent have been conceded by petitioner. The only issue remaining is whether the value of the corpus of a trust created by decedent on December 17, 1928, is includable in his gross estate as a transfer intended to take effect in possession or enjoyment at or after his death within the meaning of section 811(c) of the Internal Revenue Code. The facts have been stipulated. Findings of Fact The decedent died testate on December 16, 1939. His son, *173 Raymond H. Frantz, is the duly qualified and acting executor of the decedent's estate. On December 17, 1928, the decedent transferred the sum of $20,000 to the First National Bank and Trust Company of Waynesboro, Pennsylvania, to be held in trust, in accordance with the terms of an irrevocable trust instrument. The trustee was directed by the instrument to pay to decedent during his natural life, the net income from the trust property. Upon the decedent's death, the trustee was directed to pay the net income to Edith Herr Frantz, the decedent's wife, during the term of her natural life, and upon the death of Edith Herr Frantz, the trustee was to pay over the principal of the trust, together with any accumulated income, to Raymond H. Frantz, or his issue. The trust instrument also contained the following provision: "The Trustee is especially empowered and authorized to expend any part or parts of the principal of this trust, if, in its uncontrolled discretion and opinion, the welfare of my wife, Edith Herr Frantz, requires such expenditures to be made. My intention in making this provision is to provide a suitable safeguard against any unforeseen disaster that might befall my said *174 wife, Edith Herr Frantz, such as protracted illness or surgical operations. The expenditure of the principal is to rest solely within the discretion of said Trustee, however, and is not a right subject to the exercise of my said wife." On January 24, 1929, the decedent executed an amendment to the trust instrument dated December 17, 1928. By the terms of the amendment it was provided that in the event Raymond H. Frantz should predecease the decedent without leaving issue surviving the decedent or his wife, or in case the issue of Raymond H. Frantz should die before his or her majority without leaving issue, then the principal of the trust, together with any accumulations, was to be paid over to the decedent's nephew, Mark F. Frantz, or his issue, absolutely. The decedent was born February 27, 1867. His wife, Edith Herr Frantz, was born August 8, 1865, and died March 18, 1943. Raymond H. Frantz was born July 7, 1896, and is still living. His daughter, Barbara Ann Frantz, was born October 5, 1922. In July, 1943, Barbara Ann Frantz married Daniel H. Sanders, and she now has a daughter, who was born November 19, 1944. Barbara Ann Frantz (now Mrs. Daniel H. Sanders), and her daughter *175 are both living at the present time. Mark F. Frantz was born September 24, 1897 and is still living. He has five children, who are now all living, and who were born on the respective dates as follows: August 19, 1923; April 30, 1926; October 8, 1927; March 17, 1929; July 5, 1935. The petitioner filed a Federal estate tax return with the collector at Philadelphia, Pennsylvania, in which no portion of the assets covered by the trust deed of December 17, 1928, was included. The Commissioner added to the gross estate the sum of $22,168.04, representing the value, at the date of decedent's death, of the assets conveyed to the trust by decedent on December 17, 1928. The explanation of this adjustment, as set forth in the notice of deflciency, is as follows: "The value of the property * * * transferred by the decedent to his son subject to life estate of decedent's wife under a trust agreement dated December 17, 1928, is included in the gross estate under section 811 (c) of the Internal Revenue Code as a transfer taking effect at death inasmuch as grantor decedent retained for his life the right to the income from the property." The transfer of December 17, 1928, was *176 not a transfer intended to take effect in possession or enjoyment at or after the decedent's death. The interests created by the trust indenture were unaffected by decedent's death. Opinion In attempting to sustain his determination, respondent has advanced a number of arguments, all of which have heretofore been rejected by the courts. His first contention, as set forth in the notice of deficiency, is that the transfer under the trust indenture executed December 17, 1928, was a transfer intended to take effect in possession or enjoyment at or after decedent's death because the decedent, under the indenture, retained for his life the right to the trust income. This is the same contention which has been rejected by the Supreme Court in May v. Heiner, 281 U.S. 238 (8 AFTR 10904) and Hassett v. Welch, 303 U.S. 303 (20 AFTR 772), and by this Court and many of the Circuit Courts. In Estate of Edward E. Bradley, 1 T.C. 518, affirmed sub. nom., Helvering v. Washington Trust Co., 140 Fed. (2d) 87, we held that May v. Heiner still represents the controlling law as to trusts created before March 3, 1931, and must be followed. Although *177 respondent concedes that all of the adjudicated cases are against his contention, he intimates that May v. Heiner was incorrectly decided and that its rationale should not be followed. If May v. Heiner. is to be overruled, it must be done by the Supreme Court. See Helvering v. Washington Trust Co., supra; Commissioner v. Kellogg, 119 Fed. (2d) 54 (27 AFTR 33) New York Trust Co. v. United States, 51 Fed. Supp. 733 (31 AFTR 713), and cases cited in Estate of Edward E. Bradley, supra. Respondent next contends that the trust was a transfer intended to take effect in possession or enjoyment at or after the decedent's death because of the provision authorizing the trustee, in its discretion, to expend any part of the principal of the trust if the welfare of the decedent's wife required such expenditure to be made. Respondent argues that this provision prevents the vesting of the estate until the decedent's death. In support of this contention, he cites Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, (decided February 5, 1945); Commissioner v. Estate of Lester Field, 324 U.S. 113, (decided February 5, 1945); *178 Helvering v. Hallock, 309 U.S. 106 (23 AFTR 1054); and Klein v. United States, 283 U.S. 231 (9 AFTR 1424). These cases, however, are distinguishable upon their facts. In all of them, the death of the grantor enlarged the estate of the grantee in some way. In Fidelity-Philadelphia Trust Co., supra, the grantor under the indenture reserved a power of appointment so that only at his death was it certain whether the property would be distributed under the provisions of the trust instrument or under the powe r of appointment. In Estate of Lester Field, supra, the grantor, under the indenture, retained the right to reduce or cancel by will or written instrument the interests of the beneficiaries and the corpus would have been returned to him if he survived his two nieces. There, again it was uncertain until his death whether the beneficiaries named in the instrument would take the corpus. In Helvering v. Hallock, supra, and Klein v. United States, supra, the respective grantors retained a reversion so that until their deaths, it was not possible to ascertain who would take the corpus. In each case the death of *179 the grantor was "the indispensable and intended event" which enlarged the estate of the grantee. In Frances Biddle Trust, 3 T.C. 832, we held that the test of whether a transfer is intended to take effect in possession or enjoyment at or after the decedent's death is whether the grantor retained "a string or tie whereby he can reclaim the transferred property or whether he has otherwise reserved an interest whose passing to others is determinable by his death." Applying that test to this proceeding, it is apparent that the death of the decedent added nothing to the interests which were created by the indenture of December 17, 1928. Those interests became vested at the time the trust instrument was executed and were not enlarged by the decedent's death. The provision that the trustee might pay some of the principal of the trust to the decedent's wife if her welfare required it was not connected in any way with the decedent's death. As a matter of fact, under the precise wording of the indenture that provision was effective even prior to the decedent's death. We find nothing in the language of the trust indenture which would indicate that decedent intended to make gifts *180 testamentary in character or which were intended to take effect in possession or enjoyment at or after his death. Respondent also argues that the value of the corpus of the trust is includable in the decedent's gross estate for the reason that there was a remote possibility that the corpus might have reverted to the decedent by operation of law, if the remaindermen and their issue had predeceased the grantor. This argument must also be rejected. In the Frances Biddle Trust case, supra, we held that while decedent's death ended a remote possibility of reverter, it did not enlarge or augment the estate of the remaindermen, and thus was not "the intended event which brought the larger estate into being for the grantee * * *". In Estate of Harris Fahnestock, 4 T.C. 1096 (decided April 3, 1945), and Estate of Mary B. Hunnewell, 4 T.C. No. 132 (decided April 16, 1945), we reaffirmed the rationale of the Francis Biddle Trust case, and distinguished the Fidelity-Philadelphia Trust case, supra. The remoteness of the contingencies in this proceeding is readily apparent. In 1929, after the trust was amended, the decedent was 62 years of age. There were six remaindermen *181 alive at that date, ranging in age from 2 years to 33 years. At the date of decedent's death, there were nine remaindermen alive. Under the circumstances, it cannot be held that the decedent intended other than a complete and unqualified transfer of his property. Respondent's final contention is that the transfer of December 17, 1928, was made in contemplation of death. This contention, however, was made for the first time on brief, and is not within the scope of the issue. In the notice of deficiency, the only reason advanced by the respondent for the inclusion of the property in the estate was that the transfer in trust was "a transfer taking effect at death, inasmuch as grantor decedent retained for his life the right to the income from the property." In the petition, petitioner contended that respondent erred in holding that the transfer was intended to take effect at decedent's death. Respondent, by appropriate answer, denied such error, and at no time, raised the issue that the transfer was made in contemplation of death. Under the circumstances, the contemplation of death question may not be considered by us. Accordingly, Decision will be entered under Rule 50.