## COMMISSIONER OF INTERNAL REVENUE v. BAYNE'S ESTATE et al.
### No. 154.

Circuit Court of Appeals, Second Circuit.

May 10, 1946.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Thomas L. Halpin, of New York City, for respondent.

Before L. HAND, SWAN, and PHILLIPS, Circuit Judges.

SWAN, Circuit Judge.

The question presented is whether the corpus of an irrevocable trust created in 1922 by Jasper Bayne is includible in the grantor's estate as a transfer "intended to take effect in possession or enjoyment at or after his death" within the meaning of section 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(c).

The grantor died on August 9, 1941, and the respondent, the Chase National Bank of the City of New York, was duly appointed executor of his estate. Thereafter the Commissioner determined a deficiency in the estate tax, which the Tax Court set aside in a memorandum opinion.

The facts are undisputed. On March 7, 1922, the decedent as grantor and Mercantile National Bank as trustee entered into a trust agreement by which the grantor transferred to the trustee property to be held in trust upon the terms and conditions set forth in the agreement. This provided that the net income of the trust property should be paid to the grantor during his life, and on his death the corpus should be paid in equal shares, per stirpes, to the then surviving children of the grantor and the issue of deceased children, or in default of surviving children or issue of deceased children it should be paid in equal shares, per stirpes, to the surviving brothers and sister of the grantor and the issue of such of them as might have predeceased the grantor. When the trust was created the grantor was 34 years old, married, and without children, although a daughter, born six months later, was in esse. There were also then living two brothers and a sister of the grantor, aged respectively 43, 30 and 33 years, and four nephews and nieces, all under the age of 12 years. When the grantor died he was survived by two children, two brothers, six nephews and nieces and two grand-nephews. The value of the trust corpus at the date of the grantor's death was $87,492.05.

 The Commissioner contends that the trust corpus is includible in the grantor's estate because there was a possibility, regardless of how remote it might be, that the property would revert to the grantor or his estate by his surviving all the remaindermen designated in the trust instrument.[1] This was not a reversion expressly reserved by the trust instrument; it was a reversion created by implication of law because no

[1] The petitioner properly disclaims reliance on the amendments to the taxing act which relate specifically to the retention of income for the settlor's life, since those amendments operate only prospectively. Hassett v. Welch, 303 U. S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

beneficiary was named to take in the possible contingency that the grantor should die without descendants and without brothers or sisters who had left descendants. See A. L. I. Trust § 411. But we think the petitioner is correct in asserting that the recent Supreme Court decisions in estate tax cases have drawn no distinction between express reversions and implied reversions.[2] See Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, 89 L.Ed. 783, 159 A.L.R. 227; Commissioner v. Estate of Field, 324 U.S. 113, 65 S.Ct. 511, 89 L.Ed. 786, 159 A.L.R. 230. The respondent argues that the test to be applied is whether the trust instrument indicates an intention on the part of the settlor to reserve some interest in himself and that, even though the decedent did not succeed in divesting himself of all possibility of a reverter, the chance of his surviving the remaindermen was so remote as to negative any such intent. Such an argument seems to have been accepted in Central Hanover Bank & Trust Co. v. United States, Ct. Cl., 58 F.Supp. 565, 566. But we do not believe that it can stand in the light of the Supreme Court cases above cited. They show that the remoteness of the settlor's contingent reversion is irrelevant. "It is enough if he retains some contingent interest in the property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries." 324 U.S. at page 112, 65 S.Ct. at page 510, 89 L.Ed. 783, 159 A.L.R. 227. And a similar statement appears in the Field case, 324 U.S. at page 116, 65 S.Ct. at page 512, 89 L.Ed. 786, 159 A.L.R. 230: "It makes no difference how vested may be the remainder interests in the corpus or how remote or uncertain may be the decedent's reversionary interest." These opinions constrain us to hold that the value of the trust corpus must be included in the decedent's estate. Such a holding, the respondent urges, will contradict the recent decision of this court in Commissioner v. Hall's Estate, 2 Cir., 153 F.2d 172. We think there is a distinction. There the

remainder was to the grantor's next of kin. Strictly there can never be a failure of next of kin, even though a failure to ascertain them may result in an escheat. For that reason it cannot be said that Hall retained any vestigial interest which his death terminated; but Bayne did.

Order reversed and cause remanded for determination of tax.

---

[2] See Treas.Reg. 105, sec. 81.17, stating that "it is immaterial whether the decedent's interest arose by implication of law or by the express terms of the instrument of transfer."