**DRUMMOND et al. v. CLAUSON.**
Civil Action No. 199.

District Court, D. Maine, S. D.
Sept. 13, 1946.

William B. Mahoney and Wadleigh B. Drummond, both of Portland, Me., for plaintiff.

Leland T. Atherton, of Washington, D. C., and E. J. Harrigan, Asst. U. S. Atty., of Portland, Me., for defendant.

PETERS, District Judge.

■ This case comes before the court on motions for summary judgment filed by each party. For the purpose of decision the facts set forth in the complaint and exhibits attached thereto are admitted. From these it appears that on July 1, 1922, Sallie T. Drummond transferred to trustees certain securities by an instrument containing a provision that the trustees should "apply and pay at such times during each year as the trustees may deem advisable the entire net income of the trust fund to the grantor for and during the term of her natural life," with the further provision that:

"Upon the death of the Grantor this Trust shall terminate and the principal of said Trust Fund and all accumulated and unpaid income thereon or therefrom shall be conveyed, transferred and turned over and paid, liberated from the provisions of this trust, in equal shares to the children of the Grantor then living and to the lawful issue then living of any deceased child or children of the Grantor by right of representation, to them, their heirs and assigns forever."

Mrs. Drummond died on January 28, 1941, leaving six children and several grandchildren. The Commissioner of Internal Revenue demanded that her executors, the plaintiffs, pay additional taxes reckoned upon the value of the property held under the trust instrument. The taxes were paid, a request for a refund denied and this suit brought to recover the amount, $18,435.44 with interest.

The pertinent provisions of Section 302 of the Revenue Act, 26 U.S.C.A. Int.Rev. Acts, page 227, applicable here are:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, [etc.] * * *

"To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death * * *."

■ The remaining provisions of Section 302, added in 1931, have no bearing on transfers made before that date. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L. Ed. 858.

■ The plaintiffs claim to be entitled to recover on the authority of May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244 and other cases following the same construction of the statute as in the May case—Burnet v. Northern Trust Co., 283 U.S. 782, 51 S.Ct. 342, 75 L.Ed. 1412, McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413.

It seems to me that the plaintiffs rest their claim on solid ground.

The facts here and in the May case are substantially the same as is the legal effect of the language in both cases.

In the May case, [281 U.S. 238, 50 S.Ct. 287] the court said:

"The transfer of October 1, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent. At the death of Mrs. May, no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event."

That language is perfectly applicable in the case being considered; nor does it appear to be claimed otherwise by the counsel for defendant, who admit that May v. Heiner has not been overruled, but advance the suggestion that the test there used, as to whether a transfer is intended to take effect in possession or enjoyment at or after

874

the decedent's death, is abandoned in view of the decision in more recent cases, especially Fidelity Philadelphia Trust Co. et al. v. Rothensies, Feb., 1945, 324 U.S. 108, 65 S.Ct. 508, 89 L.Ed. 783, 159 A.L.R. 227, and Commissioner of Internal Revenue v. Field, Feb., 1945, 324 U.S. 113, 65 S.Ct. 511, 89 L.Ed. 786, 159 A.L.R. 230. Neither of those cases purports to modify May v. Heiner in any respect, and its decision remains authoritative as well as applicable. The facts in the instant case and in the two cases relied upon by the defendant are essentially different. The decision in those cases was based upon a retention by the decedent of an interest in the corpus of the property conveyed, referred to in both opinions as a "string"—in the Field case, as "a string attached to all the property until death severed it."

Here there was no string to pull. The grantor retained nothing but the right to the income for life. The present right to a future possession vested at once. It was no conditional conveyance. Although the grant was to the children of the grantor then living and to the lawful issue of any deceased children, "their heirs and assigns," the defendant talks of a possible reverter, if there should be no children or grandchildren living at the death of the grantor. This point is well disposed of by the language quoted in plaintiffs' brief from a case in the Tax Court, in Estate of George W. Hall, 6 T.C. 933, where the Tax Court is quoted as saying: "If * * * it be held that * * * the [deceased] did have a possibility of reverter, it is clear that nothing passed at his death except the ending of that remote possibility of reverter."

As a matter of law, however, the use of the word "heirs" in the conveyance, including as it does collateral as well as lineal heirs, would seem to exclude the possibility of a reverter.

I am not impressed by the attempt of the defendant to overcome either the reasoning or the authorities cited in the comprehensive brief filed by the plaintiffs and will sign a judgment for them for the amount claimed with interest and costs.