James W. COSTIN, Executor of the Estate of Earl M. Costin, deceased, Plaintiff-Appellant,

v.

Ralph W. CRIPE, Collector of Internal Revenue, Defendant-Appellee.

No. 11600.

United States Court of Appeals
Seventh Circuit.

July 3, 1956.

William A. Wick, Edward B. Raub, Jr., Indianapolis, Ind., for appellant, White, Raub, Craig & Forrey, Indianapolis, Ind., of counsel.

Charles K. Rice, Asst. Atty. Gen., El-mer J. Kelsey, Atty., Tax Division, U. S.

Dept. of Justice, Washington, D. C., Lee A. Jackson, Hilbert P. Zarky and L. W. Post, Attys., Dept. of Justice, Washington, D. C., Jack C. Brown, U. S. Atty. and Stephen Leonard, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

In the district court, plaintiff, executor of the Estate of Earl M. Costin, deceased, sought to recover from the Collector of Internal Revenue federal estate taxes and interest claimed to have been erroneously assessed, subsequently paid by the estate to the collector. The cause was tried upon stipulated facts without a jury, and resulted in judgment in favor of defendant.

The deceased, on October 20, 1923, created a trust under which the income was to be paid to him for life, thereafter to his wife and son for their joint lives, and to their survivor for life, upon whose death the remainder was given to decedent's grandchildren then surviving, if any, otherwise one-third to the wife of decedent's son and two-thirds to the next of kin of that son. Paragraph 5, about which the controversy herein centers, reads as follows: "In the event of the death of both the said James W. Costin and the said Martha E. Costin, before the time of the death of the said Earl M. Costin, party of the first part, then and in that event said party of the first part may designate other and different beneficiaries of the principal, and or income of the trust estate hereby created, except, however, that the party of the first part shall not have the power to designate himself or any of his creditors as the beneficiary of the principal of said trust estate." The grantor died October 12, 1945, without having attempted to exercise this power of disposition. He was survived by his wife, his son, two grandchildren, and his son's wife. At that time the value of the corpus was $171,730.02 and that of the grantor's power of disposition reserved under paragraph 5,

computed on an actuarial basis, $14,598.-77, or 8.5% of the principal.

Plaintiff did not include the trust property in his federal estate tax return. The Commissioner ruled that it should have been included and asserted a deficiency which, with interest, amounted to $55,733.25, and, as we have said, was paid by plaintiff.

On appeal the question confronting us is whether the district court properly held the entire corpus properly includable in the deceased's gross estate for purposes of the estate tax under Section 811 (c) of the Internal Revenue Code as amended, 26 U.S.C.

In 1930, the Supreme Court, in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, held that retention by the grantor of a trust of the income for life was not, of itself, legally sufficient to make the transfer taxable. Congress then amended the act so as to include such transfers, expressly providing, however, that the amendment should operate only prospectively and not affect transfers made prior to 1931. Hassett v. Welch (Helvering v. Marshall), 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. However, the Supreme Court refused to ignore retention of income for life entirely but considered it of importance, even as to pre-1931 transfers, for the purpose of throwing light upon whether the ultimate enjoyment of the *cestuis que trust* was postponed until the grantor's death. If such retention was coupled with any reversionary interest in the grantor, the transfer was deemed one intended to take effect in possession or enjoyment at the time of the death of the grantor and taxed. This was on the basis that Congress intended that a transfer should take effect in possession or enjoyment at the death of the creator of the trust within the meaning of the estate tax laws, when the provisions for distribution were made with reference to the grantor's death and he had retained a reversionary interest in the corpus of the trust. Helvering v. Hallock, 1940, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604; Fidelity Philadelphia Trust Co. v. Rothensies, 1945, 324 U.S.

108, 65 S.Ct. 508, 89 L.Ed. 782; Commissioner of Internal Revenue v. Estate of Field, 1945, 324 U.S. 113, 65 S.Ct. 511, 89 L.Ed. 786.

In Spiegel's Estate v. Commissioner, 335 U.S. 701, 69 S.Ct. 301, 93 L.Ed. 330, the Court sustained a tax, even though there was only a very remote possibility of reversion by operation of law, inasmuch as the provisions for distribution of the corpus depended upon the grantor's death. Commissioner of Internal Revenue v. Church, 335 U.S. 632, 69 S.Ct. 322, 93 L.Ed. 288, overruled May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, and held that, even though the transfer had been made prior to 1931, it was taxable merely because of retention by the grantor of the income for life. Apparently, Congress did not approve of the broad effect of these decisions, for it enacted amendments modifying their holdings. Thus we are concerned here with Section 7 of the Technical Changes Act of 1949, Chapter 720, 63 Stat. 891, and the pertinent statute, § 811(c) of the Internal Revenue Code of 1939. The government admits that, in view of the amendments, it cannot rely upon Commissioner of Internal Revenue v. Church, but insists that the case is governed by 26 U.S.C. § 811(c) (2) which provides that an interest in property of which the decedent made a transfer on or before October 7, 1949, intended to take effect in possession or enjoyment at or after his death, shall be included in his gross estate, only when and if the deceased grantor has retained a reversionary interest arising by the express terms of the instrument of transfer, the value of which immediately before the death of the decedent exceeds 5% of the value of the property. The act expressly provides that the term "reversionary interest" shall include a possibility that property transferred may be subject to a power of disposition by the grantor and fixes formulae by which the value of such reversionary interests shall be determined. These statutory provisions relate to transfers prior to October 8, 1949 and are applicable to estates of persons dying after February 10, 1939. Inasmuch as this grantor died in 1945 and the transfer was made in 1923, it follows that the act applies.

It is clear from paragraph 5 of the trust indenture that the decedent retained a reversionary interest in the trust property under which at any time before his death, after the intervening death of his wife and his son and wife, he might designate other beneficaries of the principal or the income therefrom, limited, however, by the provision that he should not have the power so to designate himself or his creditors. In other words, this language of the grantor created a possibility that the property transferred by him might be subjected to disposition by him. Under the terms of the statute this is a reversionary interest retained by the decedent. Since the value of that interest is in excess of 5%, the power of disposition is directly in the face of non-taxability.

The taxpayer argues that the transfer was not intended to take effect in possession or enjoyment at the time of the decedent's death, and that, consequently, Section 811(c) (2) is inapplicable. We think the reasoning is fallacious, for, we observe that, in the Conference Report (H.Conference Rep. No. 1412, 81st Cong., 1st Sess. pp. 7–8, 10), it was stated that the amendments "retain the present rule that the entire value of the interest is included in the decedent's gross estate" but restrict the application of the rule to cases in which the decedent expressly retained a reversionary interest having a value immediately preceding his death in excess of 5% of the value of all the transferred property, and that the amendments were to apply only where possession or enjoyment of the transferred interest could be obtained only by beneficiaries who must survive the decedent. We think it clear that it was the intent to tax, under Section 811(c) (2), all transfers dated prior to October 8, 1949, where possession or enjoyment of ultimate beneficiaries could be had only by surviving the decedent and the latter ex-

pressly retained a reversionary interest worth more than 5% of the property conveyed. Inasmuch as the decedent retained the income for life, plus a power of disposition of principal worth more than this part, it follows that the decedent retained the substantial interest in the transferred property mentioned by Congress and that no relief was afforded by section 7 of the Technical Changes Act of 1949. Morristown Trust Co. v. Manning, D.C., 104 F.Supp. 621, affirmed 3 Cir., 200 F.2d 194, certiorari denied 345 U.S. 939, 73 S.Ct. 829, 97 L.Ed. 1365; Estate of Slade v. Commissioner, 15 T.C. 752, reversed on other grounds, 2 Cir., 190 F.2d 689; Estate of Hill v. Commissioner, 23 T.C. 588, affirmed 2 Cir., 229 F.2d 237.

Plaintiff finds consolation in McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413, which involved retention of income for life, plus a provision that the corpus might revert to the settlor. The court held the transfer nontaxable, on the authority of May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826. But, unfortunately for plaintiff's argument, both the Congress and the Supreme Court were free thereafter to change the result and actually did so. Thus, in Church, 335 U.S. 632, 69 S.Ct. 322, 331, the court said: "That the Hallock opinion did not treat the Hassett and Marshall cases as having reaffirmed this court's interpretation of the pre-1931 possession or enjoyment clause is further emphasized by the effect of the Hallock case on the type of trust in McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413, a trust created before 1931. The United States Court of Appeals in that case had held that the trust property should be included in the decedent's estate chiefly because of the trust provision that the corpus should revert to the settlor in the event that she outlived her three children. C. I. R. v. McCormick, 7 Cir., 43 F.2d 277. This Court in its *per curiam* opinion reversed the Court of Appeals and held that the McCormick corpus need not be included in the decedent's estate. Our Hallock case held directly the contrary, for since

Hallock, the McCormick corpus would have to be taxed under the pre-1931 language of § 811(c). In so interpreting the pre-1931 language in the Hallock case, we necessarily rejected the contention made there that the Congress by passage of the resolution and this Court by the Hassett and Marshall opinions had accepted as correct the May v. Heiner restrictive interpretation of § 811(c). It is plain that this Court in the Hallock case considered that the Hassett and Marshall cases held no more than that the 1931 and 1932 amendments were prospective, and that neither the congressional resolution nor the Hassett and Marshall cases were designed to give new life and vigor to the May v. Heiner doctrine."

Plaintiff contends that the power of disposition retained was so contingent and uncertain in character as to render it ineffective within the meaning of § 811(c) (2). Its argument in this respect, we think, is completely answered by Fidelity Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, at pages 111–112, 65 S.Ct. 508, at page 510, where the court said: "It is fruitless to speculate on the probabilities of the property being distributed under the contingent power of appointment. Indeed, such speculation is irrelevant to the measurement of estate tax liability. The application of this tax does not depend upon 'elusive and subtle casuistries.' Helvering v. Hallock, supra, 309 U.S. at page 118, 60 S.Ct. at page 450, 84 L.Ed. 604. No more should the measure of the tax depend upon conjectures as to the propinquity or certainty of the decedent's reversionary interests. It is enough if he retains some contingent interest in the property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries. The value of the property subject to the contingency, rather than the actuarial or theoretical value of the possibility of the occurrence of the contingency, is the measure of the tax. That value is demonstrated by the consequences that would flow in this instance from the decedent's

survival of her daughters and any of the latter's surviving descendants."

Plaintiff insists further that the present case should be distinguished, as was Commissioner of Internal Revenue v. Singer's Estate, 2 Cir., 161 F.2d 15, in which the court said that remote and circumscribed powers were not enough to support taxability. In view of the fact that Congress has fixed the substantial interest necessary to support taxability at 5%, we see no escape from the postulate that under the statute the corpus of the trust was taxable.

■ Closely akin to this argument is the further assertion that the power of disposition here was too narrow to constitute a legal power of disposition within the meaning of the statute. However, it is clear that the power of the decedent was not a meager one but a substantial one; under it, if his wife and son and wife had predeceased him he might have designated whomever he saw fit to take the property except himself or his creditors. In other words, he created no limitation on his power of disposition other than to exclude himself and his creditors, and, if he had survived his son and wife, he would have been able to deal with the entire corpus as he saw fit, subject only to that limitation. He retained a right to dispose of the property which served to hold the enjoyment and possession of the trust property in abeyance until his death.

■ Plaintiff asserts that even though we find the trust taxable, the value of the life estates in decedent's wife and son should be deducted from the total value. This, we think, flies in the face of the decisions in Fidelity Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, 89 L.Ed. 782, and Commissioner of Internal Revenue v. Estate of Field, 324 U.S. 113, 65 S.Ct. 511, 89 L.Ed. 786, where the court held the entire corpus taxable. Inasmuch as the decedent reserved the income for his natural life, the life estates of his wife and son could not come into possession and enjoyment until after he died. If such possession

and enjoyment had begun at the time of the grant, the wife's and son's life estates might properly well be excluded. See Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, and Commissioner of Internal Revenue v. Nathan's Estate, 7 Cir., 159 F.2d 546, but since the son and wife could come into possession or enjoyment only by surviving the decedent and he retained a reversionary interest of the statutory amount, it is plain that the entire value of the trust property must be included in the gross estate.

The judgment is

Affirmed.