ESTATE OF JOHN C. DUNCAN, DECEASED, JOHN C. DUNCAN, JR., AND
MINNIE C. MOORE DUNCAN, AS EXECUTORS OF THE LAST WILL AND
TESTAMENT OF JOHN C. DUNCAN, DECEASED, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3582.   Promulgated January 17, 1946.

*Charles Angulo, Esq.*, and *John J. Smith, Esq.*, for the petitioners.
*Ellyne Strickland, Esq.*, for the respondent.

### OPINION.

LEECH, *Judge*: The petitioners assign as error the action of respondent in including in the gross estate of the decedent any part of the value of the property conveyed in trust on January 23, 1924. However, upon the hearing of the proceeding, the petitioners based their attack upon the theory that only so much of the value of the trust estate was includible for estate tax purposes as was represented by the value at the time of the transfer in trust of the reversion retained by the decedent. Prior to the filing of briefs herein the cases of *Commissioner* v. *Field*, 324 U. S. 113, and *Fidelity-Philadelphia Trust Co.* v. *Rothensies*, 324 U. S. 108, were decided by the Supreme Court, which held that the value includible in the gross estate was not the value of the reversion retained, but the value of the property as of the date of death of the decedent. The petitioners have accordingly, upon brief, admitted that they are concluded on this issue by the above decisions. They now advance the broad contention raised by the petition that no

part of the value of the trust estate is includible in the estate of the decedent under section 811 (c)[1] of the Internal Revenue Code.

Upon this question it appears clear beyond doubt that petitioners are concluded by the rule laid down in *Helvering* v. *Hallock*, 309 U. S. 106, as expanded and clarified by the decisions in *Fidelity-Philadelphia Trust Co.* v. *Rothensies* and *Commissioner* v. *Field, supra.* Here, by the terms of the trust instrument, the decedent has reserved a life interest in the transferred property and has specifically retained a reversion conditioned upon his surviving his son and grandson, whose lives measured the term of the trust. As the Court said in the *Field* case:

\* \* \* It makes no difference how vested may be the remainder interests in the corpus or how remote or uncertain may be the decedent's reversionary interest. If the corpus does not shed the possibility of reversion until at or after the decedent's death, the value of the entire corpus on the date of death is taxable.

Petitioners cite our decision in *Frances Biddle Trust*, 3 T. C. 832. But this proceeding on its facts is clearly distinguishable from that case as well as from the facts in the later cases of *Estate of Harris Fahnestock*, 4 T. C. 1096, and *Estate of Mary B. Hunnewell*, 4 T. C. 1128. In those cases the grantor of the trust had done everything possible to cut all ties to a reversion of the property. The only condition under which such result could have occurred would have been upon a complete failure of the grantor's line of descent. Here, the grantor has, by a specific provision in the trust, retained a reversion upon the death of the survivor of his son and grandson, under which title to the property would revest in him irrespective of how many direct descendants he might have living at the time, and has further provided that "if he do not survive, [the trust estate] shall be transferred and paid over to his issue *then surviving* \* \* \* and in default of such issue, in equal shares to and among the *then survivors* of the brothers and sisters of the said Donor \* \* \*." (Italics supplied.) Thus it

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter.

seems clear that the instant case is a survivorship case and comes within the rule of *Helvering* v. *Hallock, supra,* and not within the rule of the *Biddle, Fahnestock,* and *Hunnewell* cases, all *supra.*

We hold that the entire value of the corpus of the trust, determined by respondent as of the date of decedent's death, is includible in the gross estate.

A minor issue raised by petitioners, involving the right to an additional deduction of expense for administration of the estate, has been conceded by respondent, and such allowance will be made upon recomputation.

*Decision will be entered under Rule 50.*