OPINION. Black, Judge: The question which we have to decide in these proceedings is stated by petitioners in their brief as follows: Whether the values of three irrevocable trusts created by Charles F. Loudon during his lifetime are includible in his gross estate for Federal estate tax purposes under the provisions of section 811 (c) of the Internal Eev-enue Code, printed in the margin.[1] The petitioners contend that the trusts in question were not intended by the decedent “to take effect in possession or enjoyment at or after his death” within the meaning of section 811 (c). They support this contention with arguments in their brief which we have noted and carefully considered. Eespondent concedes that the language added to section 302 (c) of the Eevenue Act of 1926 by the amendment contained in the Joint Ees-olution of Congress of March 3, 1931, and section 803 (a) of the Eevenue Act of 1932 is not applicable because the trusts herein involved were created prior to the enactments of such amendments. Hassett v. Welch, 303 U. S. 303. In other words, respondent concedes that the corpora of such trusts is not includible in decedent’s gross estate because he reserved to himself the income for life from such property. At least, respondent does not argue to that effect in his brief, and he makes no contention that May v. Meiner, 281 U. S. 238, has in effect been overruled by later decisions of the Supreme Court. Respondent bases his contention that the value of the corpora of the three trusts should be included in decedent’s estate upon the fact that each of the trust indentures contained an express reservation by the decedent that the corpus of each trust should revert to him if he survived his daughter and his grandson. “Such express reservation” says respondent, “constituted the retention by the decedent of a contingent interest in the trust property until his death. Therefore said transfers in trust constituted transfers intended to take effect in possession or enjoyment at or after decedent’s death within the meaning of section 811 (c) of the Internal Revenue Code.” Respondent cites in support of his contention Fidelity-Philadelphia Trust Co. (Stinson Estate) v. Rothensies, 324 U. S. 108, and Commissioner v. Field, 324 U. S. 113. He also cites our recent decision in Estate of John C. Duncan, 6 T. C. 84; now on review, C. C. A., 2d Cir. The Duncan case is similar in its facts, we think, to the facts of the instant case. In the Duncan case the trust was created January 23, 1924, and provided, as the three trusts here provide, that the income of the trust property was to be paid to the grantor for the term of his life. Upon the death of the grantor of the trust, the income of the trust estate was to be paid to John C. Duncan, Jr., for life and upon his death to his sons in equal shares until each respectively became 35 years of age, at which time each beneficiary would receive distribution of his proportionate share of the trust estate. The trust instrument carried the following specific provision: Upon the termination of said trust term by the death of the survivor of said John C. Duncan, Jr. and said John C. Duncan III, (if the trusts have not been previously terminated), the whole or any part of the principal of said trust fund shall remain in the hands of the trustee undistributed, such whole or part shall be transferred and paid over to the said Donor, if he then survive, or if he do not survive, shall be transferred and paid over to his issue then surviving, in equal shares, per stirpes and not per capita, and in default of such issue, in equal shares to and among the then survivors of the brother and sister of the said Donor, and the brother and sister of the deceased wife of said donor (the mother of said John C. Duncan, Jr.), the then surviving issue of any such brothers or sisters then deceased, to take per stirpes the share such brother or sister would have taken if living. Under these facts we held the case was a survivorship case and the value of the trust corpus was includible as a part of decedent’s gross estate under section 811 (c). In the Duncan case, as here, the petitioner cited Frances Biddle Trust, 3 T. C. 832. In the instant case petitioners strongly urge Judge Opper’s concurring opinion in the Biddle case as the line of reasoning we should follow in arriving at a decision in favor of petitioners. In the Dimean case we distinguished the Biddle case and other similar cases in the following language: Petitioners cite our decision in Frances Biddle Trust, 3 T. C. 832. But this proceeding on its facts is clearly distinguishable from that case as well as from the facts in the later cases of Estate of Harris Fahnestock, 4 T. C. 1096, and Estate of Mary B. Hunnewell, 4 T. C. 1128. In those cases the grantor of the trust had done everything possible to cut all ties to a reversion of the property. The only condition under which such result could have occurred would have been upon a complete failure of the grantor’s line of descent. Here, the grantor has, by a specific provision in the trust, retained a reversion upon the death of the survivor of his son and grandson, under which title to the property would revest in him irrespective of how many direct descendants he might have living at the time, and has further provided that “if he do not survive, [the trust estate] shall be transferred and paid over to his issue then surviving * * * and in default of such issue, in equal shares to and among the then survivors of the brothers and sisters of the said Donor * * (Italics supplied.) Thus it seems clear that the instant case is a survivorship case and comes within the rule of Helvering v. Hallock, supra, and not within the rule of the Biddle, Fahnestock and Hunnewell cases, all supra. To the same effect we think we must hold in the instant case. The following provision in the trust indenture of October 4, 1921, seems clearly to make it a survivorship case and brings it within the rule of the Duncan case, supra: III. Upon the death of the survivor of the said Helen S. Ricker and Charles Loudon Ricker, to convey, transfer and pay over the principal of the said trust fund to the party of the first part or. if he is not then living, to the said Luella S. Loudon, or in case neither of them is living to the children of the said Charles Loudon Ricker then surviving, in equal shares, or in case there is no child of the said Charles Loudon Ricker then living to the four nieces of the said Luella S. Loudon, in equal shares, Fern Skaats Ford, Gladys Skaats Briscoe and Louise C. Mitchell of Cincinnati, Ohio and Lucy Skaats of Los Angeles, California. We see no difference in principle between the foregoing provisions of the trust in the instant case and the controlling provisions of the trust in the Duncan case which we have set out above. They seem to be in all essential respects the same, so far as the survivorship issue is concerned. As we have pointed out in our findings of fact, the provisions of the trust of July 3,1924, are virtually the same as those of the trust of October 4, 1921. There are some differences in the language of the provisions of the trust of August 12, 1925, as we have shown in our findings of fact. However, petitioners do not contend that the controlling provisions of this latter trust, in so far as the issue we have here to decide is concerned, are any different from the other two trusts. We do not think there is any difference in substance. Therefore, following our decision in Estate of John O, Duncan, supra, we sustain the Commissioner in his determination. Decision will he entered under Bide 50, (c) Transfers in Contemplation op, or Taking Effect at Death. — To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter.